UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONTE DOMINIQUE HARRIS,

        Plaintiff,

v.                                              Case No. 3:23-cv-456-BJD-JBT

MICHAEL J. RUSSELL, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Jonte Dominique Harris, a pretrial detainee at the John E. Goode Pre-Trial Detention Facility in Jacksonville, Florida, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) with exhibits (Doc. 1-1; Pl. Ex.). He seeks to proceed *in forma pauperis* (Docs. 2, 6). The exhibits Plaintiff provides with his complaint show the following: Plaintiff was arrested on October 19, 2018, and has been charged in Duval County case number 2018-CF-10892 with aggravated child abuse, child neglect, and murder; and during the course of their investigation, detectives searched cell phones (and a backpack)[1] obtained from Plaintiff's girlfriend's stepfather, to whom Plaintiff and his girlfriend had given their belongings

---

[1] It is unclear whether the backpack was Plaintiff's.

when they were taken in for questioning in connection with the girlfriend's daughter's death. Pl. Ex. at 1, 3-4, 6, 18.

In his complaint, Plaintiff names four Defendants: two homicide detectives, Michael J. Russell, and D.W. Molina; and two digital forensic examiners, Craig Williams, and C.R. Lombardozzi. Compl. at 2-3. Plaintiff complains that the search warrants obtained to search his cell phone and the backpack were illegal, or that detectives "fabricated documents" or relied on incomplete information to obtain search warrants, and, as a result, he has been "falsely imprisoned." *Id.* at 6, 8. He claims Defendants' conduct violated the "[r]ights listed in the U.S. Constitution," including the Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments. *Id.* at 3-4. As relief, Plaintiff seeks damages, although he also contends that he will be irreparably harmed if the Court does not issue unspecified "declaratory and injunctive relief." *Id.* at 9, 11, 14.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the

same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

To state a plausible civil rights claim, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. Although Plaintiff claims Defendants violated multiple constitutional amendments, given he contends he was "falsely imprisoned" and challenges the search of his cell phone, only the Fourth Amendment is implicated. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without

legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."). *See also Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest."). A claim for malicious prosecution, on the other hand, accrues when a seizure happens "pursuant to legal process" and requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his favor and caused damage to him." *Williams*, 965 F.3d at 1157 (internal quotation marks omitted).

To the extent Plaintiff challenges his arrest, he does not allege officers lacked probable cause. *See* Compl. at 6-9. Rather, Plaintiff challenges the post-arrest search of his cell phone (and a backpack). *See id.* Plaintiff was arrested for aggravated child abuse on October 19, 2018. *See* Clerk Online Resource ePortal (CORE), available at https://core.duvalclerk.com (last visited Sept. 26, 2023). A judge issued a search warrant on October 29, 2018. *See* Pl. Ex. at 36-

4

39. Moreover, exhibits Plaintiff provides with his complaint suggest officers had probable cause to arrest him.[2] In search warrant affidavits, M.J. Russell averred as follows:

> During an interview with detectives, Cannimore [Plaintiff's girlfriend, mother of the victim] said she observed [Plaintiff] punch [the victim] in the face and head . . . knocking her unconscious. [Plaintiff] *admitted* to striking [the victim] multiple times in the head and face . . . knocking her unconscious. [Plaintiff and Cannimore] then placed [the victim] on the couch and left her there unconscious [for about eight hours] when [Plaintiff] attempted to "wake her" in the shower. [The victim] stopped breathing and Cannimore called 9-1-1.

*Id.* at 18, 31 (emphasis added). *See also* Fla. Stat. § 827.03(1)(a) ("'Aggravated child abuse' occurs when a person . . . [k]nowingly or willfully abuses a child and in so doing causes great bodily harm . . . .").

To the extent Plaintiff challenges his prosecution, he does not allege the prosecution against him has terminated in his favor. *See* Compl. at 6-8. On the contrary, according to the state-court criminal docket, Plaintiff is being held on a finding of probable cause made on the day of his arrest, October 19, 2018,

---

[2] In reviewing the facial sufficiency of a complaint, a court may consider extrinsic evidence when a document "is central to the plaintiff's claim" and incorporated by reference in the complaint. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997).

and the charges against him remain pending. *See* CORE, available at https://core.duvalclerk.com (last visited Sept. 26, 2023).[3]

Because Plaintiff does not allege officers lacked probable cause to arrest him, and the charges against him remain pending, Plaintiff fails to state a plausible claim for false arrest or for malicious prosecution. *See Williams*, 965 F.3d at 1157. To the extent Plaintiff is seeking this Court's interference in his pending criminal case, the Court will abstain from doing so. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

Given Plaintiff fails to state a plausible claim for relief, his complaint is due to be dismissed without prejudice. If Plaintiff wants to challenge the legal or factual basis of the charges or evidence against him, he should do so through a proper motion or argument in the state court.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

---

[3] A district court may take judicial notice of the contents of a publicly available docket sheet. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him).

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Jonte D. Harris